JOHN GOSS, Appellant, v. HORATIO N. MATHER, Respondent.

(GENERAL TERM, EIGHTH DISTRICT, APRIL, 1870.)

Judgment against M. as maker, G. as first and T. as second indorser of a promissory note, was enforced by execution sale of G.'s land, at which T. was the purchaser for the amount due upon the judgment, he having become the assignee thereof, and expenses. T. agreed to give G. three years to redeem, and, persuading M. that nothing had been realized toward satisfying the judgment, agreed with him to satisfy it on receiving certain payments, in the aggregate considerably less than the amount due thereon, and also assigned his certificate of sale to G. on payment by the latter of a sum in full of, and nearly equal to, the amount of his bid. T. satisfied the judgment as against all of the defendants therein on payment by M. as agreed, and when G. learned of the transaction he sued T. and recovered judgment for the amount paid on assignment of the certificate; but T. being deceased, his estate paid only part of the judgment.— *Held*, that G. had an election upon discovery of the satisfaction given to M. either to ratify it and claim to recover from T. the amount which he had paid to the latter, or to ratify the execution sale, and recover from M. as principal debtor upon the theory that he (G.) had paid the judgment; but that having elected to pursue the former remedy, he could not recover afterward from M. the balance of his judgment against T.

THE defendant, on the 18th of March, 1861, made and delivered his promissory note to the plaintiff for the payment of the sum of $335 to him or order. The plaintiff indorsed and transferred the note to Charles H. Thing, and he indorsed and transferred it to James A. Story. When the note became due, Thing and the plaintiff were properly charged as indorsers; and Story thereupon brought an action upon the note against the defendant as maker and Thing and the plaintiff as indorsers, and recovered judgment against them for the amount due upon the note. On the 17th day of May, 1862, the sheriff of Cattaraugus county, under an execution issued upon the judgment, sold a piece of land belonging to the plaintiff for the sum of $410, which was sufficient to satisfy the judgment, together with the interest and the expenses, and the execution was immediately thereafter returned satisfied. The land sold was bid in by Bela Norton,

Goss *v.* Mather.

who prior to the sale had become the assignee of the judgment for the benefit of Thing, and by virtue of an arrangement between him and Norton, and under the arrangement Norton purchased the land sold under the execution and held, it for the benefit of Thing. Norton had in fact no interest in the judgment or the sheriff's certificate made and delivered in pursuance of the sale. After the sale an arrangement was made between the plaintiff and Thing, that the former should have three years to redeem his land from the sale, and subsequent to that time under another arrangement made between the plaintiff and Thing he paid the latter $400 in full, and took an assignment of the sheriff's certificate to one Melrose for his own use and benefit.

After the sheriff's sale of the plaintiff's land, and before the payment of the $400 by him to Thing, an agreement was made between the defendant and Thing, by which Thing received a note made by G. H. Warner for $102, and a note made by L. I. Moore for fifty dollars, and agreed to release the defendant from said judgment, if such notes were paid at maturity. And he was also paid the additional sum of thirty-seven dollars. The agreement was made on the tenth of September, 1862, and the two notes matured between that time and the 24th of January, 1863. Those notes were paid at the times they respectively matured, and within four months after the first of September, 1862, the defendant paid Thing the thirty-seven dollars. And on the 8th of August, 1863, Norton, the assignee of the judgment, at the request of Thing, executed and delivered to the defendant, a satisfaction of said judgment as to all the defendants therein. When the defendant entered into the agreement made by him with Thing, the latter represented to him that the plaintiff had no interest in the land sold under the execution, and that nothing could be secured from the sale toward paying the judgment.

After the plaintiff discovered the agreement which had been made between Thing and the defendant, and what had been done under it, he brought an action against Thing to

recover the $400 he had paid him, and afterward recovered a judgment for the same, and received from Thing's estate upon the judgment so recovered, forty-two per cent of the amount. And after that, he brought the present action against the defendant for the purpose of recovering the amount so paid him, as the difference between that and the sum received from the estate of Thing. The cause was tried by the court without a jury, and judgment directed for the defendant. The plaintiff excepted to that conclusion and direction, and appealed from the judgment entered in pursuance of it.

*S. S. Spring*, for the appellant.

*D. H. Bolles*, for the respondent.

Present—MARVIN, DANIELS and TALCOTT, JJ.

By the Court—DANIELS, J. When the plaintiff brought his action against Thing to recover back the $400 paid him, he must have done so upon the legal theory that the settlement and satisfaction of the judgment by the defendant, who was the party primarily liable for its payment, had the effect of securing to him the right to rescind and annul the sale of his land under the execution, and entitled him to an assignment of the certificate from Norton, without availing himself of the privilege provided for him by the agreement extending his right of redemption. If he was right in assuming that to be the relation existing between himself and Thing, as this court has decided he was, then he at that time had the privilege of rescinding the sale made by the sheriff, or if he did not elect to avail himself of that to treat the judgment as satisfied by means of it, and bring his action against the defendant as the primary debtor, for the recovery of the amount paid upon the debt by the sale. The latter remedy depended upon the affirmance of the sale itself, while the former was equally dependent upon the affirmance of the

settlement made between the defendant and Thing, and the disaffirmance of the sale made under the execution. These remedies were so inconsistent that the election of one necessarily involved the exclusion of the other. By proceeding against Thing for the purpose of annulling the sale, the right of the plaintiff to succeed was dependent upon the fact that the judgment had been satisfied and discharged by the settlement and satisfaction made by the defendant. Without that, Thing was clearly entitled to retain the land sold upon the sale made under the execution, for the plaintiff's property had become legally bound for the payment of the judgment. It was only by force of that settlement and satisfaction by the defendant, as the primary debtor, that the plaintiff as a party secondarily liable, was placed in a situation in which he could require his land to be discharged from the sale. That circumstance entitled him to that relief in case he elected to avail himself of it. At the time when that privilege was secured to him he was ignorant of it; the settlement and satisfaction having been made without his knowledge. He accordingly proceeded under the sale so far as to pay the amount required by Thing to discharge his demands as the beneficial purchaser of the property. When that was done the certificate of sale was transferred to Melrose for his benefit, which in effect annulled the sale itself, and left the plaintiff at liberty when he discovered that Thing had received satisfaction of the judgment from the defendant either to proceed against him for reimbursement, or against Thing for the recovery of the money paid upon the assignment of the certificate. The plaintiff elected to pursue the latter remedy when the facts were ascertained by him. And by means of it recovered a judgment sufficient in amount to reimburse him if the estate of the defendant in the case had proved to be sufficient for its payment. That it did not, was not the fault of the defendant in the present case. After proceeding so far upon the assumption that the defendant had satisfied the judgment, it is now too late for him to assent that he satisfied it himself, and has therefore the right to recover the

amount paid, from the defendant as the primary debtor. The plaintiff's remedy against Thing for the recovery of the money paid him involved the necessity of totally disaffirming the right of Thing to apply or retain it as a payment. When that was done the plaintiff entirely divested himself of all remedy against the defendant. For the remedy against the latter was dependent upon the fact that the plaintiff had been compelled to pay his debt. This could not be true after the payment made had been annulled by the act of the plaintiff himself, as it was by the recovery of his judgment. The plaintiff made his election between two inconsistent remedies, and his failure to secure satisfaction by means of the one which he adopted, forms no legal reason for permitting him to now resort to the other. The judgment at the circuit was right, and it should be affirmed with costs.

MARVIN and TALCOTT, JJ., concurring.

Judgment affirmed.