By the Court.—Van Vorst, J.
Through the failure of the corporation to make, publish and file the annual report, provided for in section 13 of the act of *145 February 17, 1848, in January, 1871, the trustees, the duty of a majority of whom it was to sign same, became jointly and severally liable for all the debts of the company then existing, and for all that should be contracted before such report should be made.
The making and filing of such report is imperatively demanded by the statute.
As the corporation filed no report until January 19, 1872, and the debt in plaintiff’s favor for the merchandise sold and delivered to the corporation, had been contracted and existed before such report was filed, the liability of the defendants as trustees therefor would seem to be clearly established, unless the taking of the notes of the corporation by the plaintiff has impaired his claim against the trustees. The liability imposed upon the trustees for the debts of the company is a penalty for a neglect of duty clearly defined. The trustees are not sued for their own debts, they have incurred none. The corporation is the debtor. The defendants are neither parties nor privies to the original contract, nor to any judgment which might be recovered against the company thereon (Miller v. White, 50 N. Y. 137).
Directly, therefore, there is a failure to make and file the report the liability of the trustees to the penalty becomes fixed. Not as a debtor, but for the neglect of a duty growing out of his relation as a trustee, and through which neglect creditors of the corporation are presumed to be injured.
Nor in this view does any attempt on the part of the creditor to collect his debt of the company, affect his-claim against the trustee. Such effort is no waiver or abandonment of his remedy against the trustees.
In Vincent v. Sands (33 Supr. Ct. [1 J. & S.] 511), the creditor had sued a stockholder for the debt and had recovered a judgment against him, before proceeding against the trustees under section 12, yet it was held *146 that the debt “against the corporation was not merged' by such recovery, nor was the claim of the plaintiff against the trustees affected by the suit and judgment against the stockholder under another section of the act, by which an additional right of action was given against another class of persons. In Deming v. Puleston (35 Sup'r Ct. [3 J. & S.] 309), since affirmed in the court of appeals (55 N. Y. 655), the objection was distinctly taken on the part of the trustees, that the liability of the corporation was merged in promissory notes which had been taken by the creditor from the corporation, and that the creditor had waived any demand he may have had against the trustee, under the statute, by taking the notes of the company and recovering judgment thereon. The court held that the notes did not cancel the debt, they amounted to the company’s promise to pay at a future day, the indebtedness still remaining. The obtaining of the judgment and the attempt to collect it out of the corporate property was •favorable to the defendant, and in . no manner- affects the liability imposed upon him under section 12 of the act of 1848.
Where a party has an election between two distinct remedies, which are inconsistent, he is confined to that which he first chooses (Rodermund v. Clark, 46 N. Y. 854 ; Goss v. Mather, 2 Lans. 283).
A familiar application of this principle is found in •cases where a vendor of goods parted with the possession through the fraudulent representations of the vendee. The vendor can reclaim the goods, but in doing so he disaffirms the sale and can not afterwards sue for the price (Morris v. Rexford, 18 N. Y. 552). The principle involved in the doctrine above stated, is that the remedies are not concurrent and are inconsistent.
Although the trustees have violated their duty, and are liable to the penalty therefor, imposed by section 12, the creditor may attempt to collect his claim against *147 the corporation, he may do so without action, and take the company’s note as in this case. Such note is no payment of the debt. If not paid the original indebtedness still remains. The creditor may sue the corporation for his claim and recover a judgment therefor, and if an execution is returned unsatisfied he may under the act in question prosecute a stockholder and attempt to collect the debt of him. But all this has no true relation to the distinct cause of action against the trustee for his own omission of duty, which is still open and unsatisfied, by which he became liable for the debts existing at the time of his failure, and for all that should be contracted before the report should be made.
The remedy against the trustee is distinct, and concurrent, and not inconsistent with the other remedies in favor of the creditor against either the corporation or a stockholder, but his action must be brought within three years after the right of'action accrued (Merchants’ Bank v. Bliss, 35 N. Y. 412).
The judgment should be affirmed, with costs, to the respondent.
Freedman and Speir, JJ., concurred.