BUTLER v. WEHLE.

*Election — between actions — legal and equitable remedy.*

Defendant held a judgment against plaintiffs.  Plaintiffs, in an action upon a claim held by them against defendant, attached said judgment.  Subsequently an action was brought by plaintiffs to compel the allowance of their claim as an equitable set-off to the judgment, and an injunction asked for restraining defendant from enforcing the judgment.  *Held,* that the second action was not maintainable during the pendency of the first.

APPEAL by plaintiffs from an order at the special term  vacating an injunction.

The action was brought by Henry L. Butler and others, against Louisa Douai Wehle and others, to compel the allowance of a claim held by the plaintiffs against defendant Wehle, as a set-off against a judgment recovered by said defendants against plaintiffs ; to restrain the enforcement of said judgment by said defendant, and for other relief.  Upon the application of plaintiffs, a preliminary injunction was granted, with an order to show cause, etc. From the order vacating such injunction, this appeal is taken. Such other facts as are material appear in the opinion.

*Fullerton, Knox & Crosby,* for appellants, as to the jurisdiction of a court of equity to allow the relief asked, and as to the right of plaintiffs to it, cited Waterman on Set-off (2d ed.), 18, 20, 84, 124, 184, 450–465 ; *Lindsay* v. *Jackson,* 2 Paige, 581 ; *Gay* v. *Gay,* 10 id. 369 ; *Simson* v. *Hart,* 14 Johns. 63 ; *Smith* v. *Felton,* 43 N. Y. 419 ; *Zogbaum* v. *Parker,* 55 id. 120 ; *Rose* v. *Hart,* 2 Smith's Lead. Cas. 309 ; *Pond* v. *Smith,* 4 Conn. 297 ; *Robbins* v. *Holley,* 1 Monr. 191 ; *Wolcott* v. *Sullivan,* 1 Edw. Ch. 399 ; *Matter*

*of Globe Ins. Co.*, 2 id. 625 ; *White* v. *Wiggins*, 32 Ala. 424 ; *Merrill*
v. *Souther*, 6 Dana, 305 ; *Gay* v. *Gay*, 10 Paige, 369 ; *Lindsay* v.
*Jackson*, 2 id. 581 ; *Feazle* v. *Dillard*, 5 Leigh, 30.

*Charles Wehle*, for respondent.

Present — DAVIS, P. J., and DANIELS, J.

DANIELS, J.   The substantial relief demanded by the plaintiffs
in this action is the set-off of a demand claimed to exist in their
favor against a judgment recovered by the defendant against them,
and which she endeavored to collect by execution.   Before the
commencement of the suit, another action was commenced by
them against her for the recovery of the debt relied upon as a set-
off.   In that action, according to the sworn answer of the defend-
ant, an attachment was issued in the plaintiffs' favor, and the judg-
ment was attached by virtue of it.   The affidavit of Mr. Crosby,
one of the plaintiffs' attorneys, admits the issuing of the attach-
ment without denying the seizure of the judgment under it.

In this state of the case it may, therefore, be assumed that the
statement of that fact in the answer, verified by the affidavit of the
defendant's attorney, is true.   It is entirely clear that if the suit,
in which the attachment has been issued, shall proceed to judg-
ment, the plaintiffs will be able to satisfy their debt by means of
the seizure of the judgment recovered by the defendant against
them.   And that would constitute a complete defense to the pres-
ent action to apply it toward the partial extinguishment of the same
judgment as an equitable set-off.

A similar consequence would result from a judgment in the plain-
tiffs' favor in this action.   After that the right to proceed under
the attachment would be determined.   It is entirely apparent from
these facts that both remedies cannot be at the same time prose-
cuted and enforced by the plaintiffs.   They are inconsistent with
each other.   And beyond that, one is legal and the other is equi-
table.   The policy of the law is opposed to such proceeding.   It
does not allow one party to vex and harass another with two differ-
ent and inconsistent proceedings, carried on at the same time, to
produce what in substance must be the same result.   A different
practice would be unreasonable as well as oppressive, and the law
will not permit it.   *Livingston* v. *Kane*, 3 Johns. Ch. 224; *Sanger*

v. *Wood*, id. 416. The plaintiffs elected to proceed by virtue of their attachment previously issued in an action for the recovery of their debt. · And while that proceeding is pending they are concluded by that election from maintaining an action afterward commenced in equity, to apply the debt as an equitable set-off toward the satisfaction of the judgment recovered against them. *Goss* v. *Mather*, 2 Lans. 283 ; *Rodermund* v. *Clark*, 46 N. Y. 354. For that reason the plaintiffs had no right to an injunction restraining the enforcement of the judgment against them in this action.

The order should be affirmed, with $10 costs, besides disbursements.

*Order affirmed.*