# SUPREME COURT.

## ROBERT J. ANDERSON agt. HENRY J. SPEERS.

*Action against trustee of manufacturing company — Complaint — Separate causes of action.*

In an action brought by a creditor of a manufacturing corporation against a trustee for a liability imposed by the fifteenth section of the act of 1848 for the filing of a false report, the complaint should show that the debt, for which the defendant is sought to be made liable, was contracted while he was a trustee.

Where the complaint alleged that the defendant was, on the 13th day of January, 1877, and "*before that date*," a trustee:

*Held*, not to be an averment that he was such trustee, in the year 1876, when the debt was alleged to be contracted.

The filing of a false report on successive years gives rise to a separate cause of action as to each year.

The allegations in one cause of action cannot be supplemented by those in another and separate cause in the same complaint, unless they are connected therewith by appropriate statements.

*Victory Webb, &c., Company* agt. *Beecher* (55 *How. P. R.*, 193) applied.

DEMURRER to complaint.

*Special Term, October*, 1879.

*Michael H. Cordozo*, for demurrer.

*W. W. Niles*, opposed.

VAN VORST, *J.* — This action is brought against the defendant, as a trustee of a manufacturing corporation organized under the act of 1848, to enforce liabilities incurred under the fifteenth and twenty-third sections of that act. Three separate causes of action are relied upon.

The first arises under section 15 and is for an alleged filing of a false report on the 13th of December, 1877. But this

cause of action is defective in not stating that the debt, for which the defendant is sought to be made liable, was contracted while he was a trustee.   It is stated in the complaint in this connection that the defendant was, on the 13th day of January, 1877, and "before that date," and subsequent thereto, one of the trustees of the corporation.   But that is not a statement that the defendant was a trustee in the year 1876, when the debt is alleged to have been contracted.   If the defendant was a trustee a day previous to the 13th of January, 1877, that would satisfy the statement that he was a trustee before that day.

The second cause of action grows out of the filing of a false report on the 13th January, 1878.   The complaint terms this breach of the statute, as it undoubtedly is, "a further and other cause of action."

Each act of the character of the one of which complaint is made, affords the creditor a right of action against the trustee in fault.

The creditor on the trial may fail, as to the act complained of, as being committed in January, 1877, and may succeed as to the one alleged to have been done in January, 1878.

But the second cause of action is defective, for the reasons above stated, with respect to the first cause; and, further, in that it omits to set up a debt against the corporation in favor of the plaintiff.

In the first cause of action an indebtedness in favor of the plaintiff against the corporation is fully set up; but the second cause of action cannot be supported by the allegations in the first, as it contains no statements drawing to itself the statements of the first upon this subject (*Moak's Van Santvoord's Pleadings* [*3d edition*], 149).

The third cause of action arises under the twenty-third section, and from the fact, as is alleged, that the indebtedness of the company exceeded the amount of its capital stock.

In disclosing his last cause of action the pleader states that the defendant, during all the time between the 15th day of

January, 1876, and the 18th day of January, 1878, was one of the trustees of the company. Had such statement been made in the first cause of action it would have been complete. But such allegation, made with respect to the last cause of action, cannot be used to uphold the first in the absence of language connecting the same therewith.

Authority is clearly against supplementing the allegations of one cause of action by statements made in another not distinctly connected therewith by appropriate words. Justice LAWRENCE had this subject lately before him, in the *Victory Webb, &c., Manufacturing Company* agt. *Beecher* (55 *How. P. R.*, 193), and in a carefully considered opinion, which I approve, he so held (*See, also, Simmons* agt. *Fairchild*, 42 *Barb.*, 404). The learned counsel for the plaintiff, on the argument of the demurrer, contended that there was in fact but one cause of action set up in the complaint, and that what are claimed by the defendant's counsel to be several causes of action are, in reality, several liabilities for the same cause.

I cannot accept this conclusion. The liabilities imposed by the statute upon the trustees for the making of false reports and allowing the indebtedness to exceed the capital stock are, in their nature, penal (*Jones* agt. *Barlow*, 6 *Jones & Spencer*, 142; *Niles* agt. *Suydam*, 64 *N. Y.*, 173). Each act enters into and becomes a separate cause or ground of action.

It is true that there could be but one recovery for the debt existing in the plaintiff's favor against the corporation; but such recovery would be justified by proof of either of the acts done or suffered by the trustees, that is, for filing a false report in 1877 or 1878, or suffering an increase of the indebtedness above the capital stock of the corporation.

There should be judgment for the defendant on the demurrer, with liberty to the plaintiff to amend on payment.