The judgment should be reversed, new trial granted, costs to abide event.

LEARNED, P. J., and LANDON, J., concurred.

Judgment reversed, new trial granted, costs to abide event.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ORRANDO P. DEXTER *v.* JAMES K. MOSIER, as Late COMMISSIONER OF HIGHWAYS, AND ROBERT R. McLANE, as TOWN CLERK OF THE TOWN OF WAVERLY, IN THE COUNTY OF FRANKLIN AND STATE OF NEW YORK.

*Highways — laying out of —* 1880, *chap.* 114, *unconstitutional because of insufficient provision for notice —* certiorari *— review by, where no appeal is authorized.*

Section 2 of chapter 114 of the Laws of 1880 authorizes the commissioner of highways, on the petition of six freeholders, to lay out a road and to adjust the damages, and provides that on the making out and filing of an order containing a correct survey of the road, and a statement of the amount of damages allowed for the same, the road shall become a public highway.

*Held,* that as no provision was made in the statute for giving any notice to any owner of property, either of the taking of his property or of the ascertaining of his damages, the act was unconstitutional.

That, although section 3 of the act might, in an imperfect way, furnish notice of the assessment of damages, there was no provision of the statute under which the owner, whose land was taken, had an opportunity to be heard on that question.

That, as the act made no provision for an appeal, the action of the commissioner of highways thereunder was reviewable by *certiorari.*

*People ex rel. Cook* v. *Nearing* (27 N. Y., 306) distinguished.

The remedy by *certiorari* is not to redress a trespass, but to correct a judicial wrong or *quasi* judicial action, which action is just as wrong whether it is contrary to constitutional or contrary to statute law.

*Quære,* whether the "last assessment-rolls," referred to in chapter 114 of the Laws of 1880, refers to the last assessment-rolls before the passage of the act, or the last assessment-rolls before the opening of the highway under the provisions of said act.

CERTIORARI to review an order of James K. Mosier, as commissioner of highways of the town of Waverly, Franklin county, New York, in laying out a highway in said town across lands of the relator and other parties.

The highway in question was assumed to have been laid out under and pursuant to chapter 114 of the Laws of 1880.

*John P. Badger*, for the relator.

*Jacob W. Webb*, for the respondent.

Learned, P. J. :

The statutes which have to be considered in this case are flagrant specimens of careless and ignorant legislation. A highway system was established by the Revised Statutes. Chapter 431, Laws of 1875, amended section 60, article 4, title 1, chapter 16, first part Revised Statutes, and began by calling it "section 75."

Chapter 114, Laws 1880 exempted from the provisions of the aforesaid amendatory act all towns whose real estate is assessed, as shown by their last assessment-rolls, at an average price of less than five dollars per acre. And it provided a very summary mode of laying out highways in such towns. The assessment-roll referred to might mean the last before the passage of the act or the last before the opening the highway. Then chapter 696, Laws of 1881, amended section 75, article 4, title 1, chapter 16, part 1, Revised Statutes. Finally, chapter 267, Laws of 1885, was passed to amend certain errors in the Laws of 1880 and 1881. And one of the dozen amendments was in the last named act to make "section 75" read "section 60."

Now, whether, the amendment of 1881 was to do away with the exemption of 1880, or whether that exemption was to remain, probably no legislator knew or cared. And all were probably equally careless whether the exemption of 1880 from the provisions of 1875 was also an exemption from the provisions of the Revised Statutes.

The commissioner of highways in this case assumes that chapter 114, Law of 1880 is in force, and that it applies to his town of Waverly, because the assessment-roll of 1888 showed an average of less than five dollars per acre. And in pursuance of that act he has laid out a road. That act provides for no appeal. Therefore, this *certiorari* lies.

Section 2 of the act authorizes the commissioner of highways, on

the petition of six freeholders, to lay out a road and to adjust the damages, and on making out and filing an order containing a correct survey of the road and a statement of the amount of damages allowed for the same, the road shall become a public highway. No provision is made for giving any notice to any owner of property either of the taking of his property or of the ascertaining of his damages.

It has so often been held that " due process of law " must include notice to the party whose property is to be taken, that we need only state the principle. Whether section 3 of that act might not, in a very imperfect way, supply the lack of notice of the assessment of damages we need not say. It is enough that the statute has no provision by which the owner, whose land is to be taken, has an opportunity to be heard on the question of taking his land for a highway.

The defendant says that if his act is illegal it cannot be reviewed by *certiorari*, that the only remedy is trespass. The case cited (*People ex rel Cook* v. *Nearing*, 27 N. Y., 306), does not sustain that doctrine. The doctrine is to be found only in the head note of the reporter, which in some volumes of those reports is not good authority. Whether any trespass was committed we do not know. The *certiorari* is not to remedy a trespass, but to correct a wrong judicial or *quasi* judicial action. And the action is just as wrong when it is contrary to the Constitution as when it is contrary to statute law.

The proceedings must be reversed, with fifty dollars costs and disbursements to the relator.

LANDON and FISH, JJ., concurred.

Proceedings reversed, with fifty dollars costs and disbursements to relator.