### DEXTER v. ALFRED.

(*Supreme Court, General Term, Third Department.* July 2, 1892.)

1. PLEADING—DEMURRER.

    A demurrer cannot attack one paragraph in an answer as insufficient in law, when that paragraph, taken in connection with another of which it is made a part, constitutes a complete or partial defense.

2. TRESPASS—DEFENSE—ACTS DONE UNDER UNCONSTITUTIONAL STATUTE.

    In an action for trespass, defendant may set up as a complete or partial defense that the acts complained of were done under the orders of a highway commissioner who was acting under a statute which was afterwards decided to be unconstitutional.

Appeal from special term, Franklin county.

Action of trespass by Orrando P. Dexter against Warren Joseph Alfred. From judgment on an order overruling a demurrer to the answer, plaintiff appeals. Affirmed.

For former decision, see 12 N. Y. Supp. 365.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Rufus P. Livermore*, (*Eugene Burlingame*, of counsel,) for appellant. *Cantwell & Cantwell*, (*William P. Cantwell*, of counsel,) for respondent.

MAYHAM, P. J. The plaintiff demurred to the second and third counts of the defendant's answer. The complaint was for trespass in entering upon lands of the plaintiff, alleging, in various forms over 30 distinct allegations of wrongful entries and trespasses on the plaintiff's premises by the defendant. The second count in the answer, and the one to which the first branch of the demurrer is directed, alleges, in substance, that in January, 1890, in pursuance of chapter 114 of the Laws of 1880, one Henry Foster, the commissioner of highways of the town in which the plaintiff's premises are situate, laid out a public highway across the lands mentioned in the plaintiff's complaint, and in so doing fully complied with all of the provisions of section 2 of said act, and that the defendant believed that said highway was legally laid out, and was a public highway; and while the defendant so believed, and before the court had declared such act unconstitutional, the said commissioner of highways ordered and commanded the defendant to cut some fallen trees on said land, and remove them from the road, and that such acts are the supposed trespasses alleged in the plaintiff's complaint. The third paragraph or count in the answer, and the one to which the second demurrer is directed, is in substantially the same form, but relates to other allegations of trespass in the complaint. The ground of each demurrer is that as to the part of the answer to which they relate, respectively, as far as they relate to the attempt of the highway commissioner to lay out the highway, and so far as they relate to the defendant's acting in aid of the commissioner of highways in attempting to lay out and open a highway across the plaintiff's land, such defenses are insufficient in law upon the face thereof. These demurrers were overruled by the learned trial court, and the plaintiff appeals. The plaintiff, by his demurrer, admits the allegations of fact in the subdivision of

the answer demurred to, and the question to be determined on this appeal is whether that portion of the answer demurred to constitutes in law a defense, in whole or in part, to the plaintiff's complaint.

Taking these allegations of fact as true, we think that they constitute a partial defense, and cannot, therefore, be held insufficient in law, so as to constitute ground of demurrer, especially when paragraphs 2 and 3 in the answer are, by the express language of paragraph 4, incorporated into and made a part of it. The question presented on this demurrer is not whether some portion of this answer, on a proper motion, might not have been stricken out as irrelevant or redundant, but whether, taken as a whole, the answer, or that part of the same as to which the demurrer is interposed, constitutes a defense, in whole or in part, to the allegations of the complaint. It is not strictly necessary that a counterclaim or defense be stated completely in one paragraph or count; it may refer to others, and the matter thus referred to may be considered as a part of the count in which it is referred to. *Bogardus* v. *Insurance Co.*, 101 N. Y. 328, 4 N. E. Rep. 522. Tested in this way, a demurrer cannot single out one paragraph in an answer, and treat it as insufficient in law, when, by reading that paragraph in connection with another portion of the answer of which it is made a part, the two constitute a complete or partial defense.

But it is urged by the learned counsel for the appellant that section 2 of chapter 114 of the Laws of 1880 was repealed by chapter 696 of the Laws of 1881. This latter statute does not, in express terms, repeal the former, and it is so much in doubt whether it did so by implication that this court in *People* v. *Mosier*, (Sup.) 8 N. Y. Supp. 621, declined to hold that it had that effect. But this court did hold in that case that some of the provisions of section 2, c. 114, Laws 1880, were unconstitutional; and it is now urged that, by reason of its unconstitutionality, no act done under it by an administrative officer can be protected by its provisions. The defendant, in his answer in this case, undertakes to justify or mitigate the alleged trespass committed by him after the passage of the act, and before the same was declared unconstitutional by the courts, on the ground that the commissioner of highways was acting under and in pursuance of the provisions of this act, while it was in force, and before it was adjudged to be unconstitutional, and that the defendant was acting under the orders of the commissioner. It was no part of the duty of the commissioner of highways to decide whether the law in question was or was not constitutional. His duty was to execute the law as he found it. "Under our system of government, no power is given to public officers to refuse or suspend their obedience to laws on any opinion of their own that a law is unconstitutional." JOHNSON, C., *Clark* v. *Miller*, 54 N. Y. 532. It is true that, as a general rule, ignorance of law cannot be urged as an excuse for a wrong, but we think in this case that it was competent for the defendant to set up, as a defense or partial defense to this action, the acts of the commissioner under this statute, and that the acts done by the defendant were under the direction or orders of the commissioner, and that the judgment and order on the demurrer should be affirmed. Judgment and order affirmed, with costs to the respondent, and leave to the plaintiff, on payment of costs, to withdraw the demurrer. All concur.