### SMITH et al. *v.* SAGE.

### SAME *v.* TATE.

(New York Superior Court—Special Term, October, 1893.)

By statute (Laws 1875, chap. 267, § 8) it is provided that " The trustees, directors or managers of any society or corporation organized under the provisions of this act, shall be jointly or severally liable for all debts due from said society or corporation, contracted while they are trustees ; provided, that said debts are payable one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable." In an action against defendant, a trustee of a corporation organized under the above statute, to recover the amount of three several notes given by said corporation for debts previously contracted, the complaint alleged a separate cause of action on each of said notes, but in neither of the first two counts was it stated whether the debts were payable within one year of the time they were contracted ; but, in the count upon the third note, all of the notes and the indebtedness for which they were given were specifically referred to, and an allegation made that the debts given were all payable within one year from the date when said debts were contracted, etc. An answer was served as to the third cause of action. *Held,* that a demurrer to the first two causes of action, on the ground that they did not state facts sufficient to constitute a cause of action, should be overruled, because, although the allegations thereof were insufficient, the defect was cured by the allegation in the third cause of action, that the debts for which the notes were given were all payable within one year from the date when said debts were contracted, etc.

DEMURRER to complaint.

GILDERSLEEVE, J. The complaint sets forth that at all the times mentioned in the complaint the plaintiffs were copart-

ners; that the Manhattan Athletic Club was a corporation organized under the Laws of 1875, chapter 267; that at the time the indebtedness mentioned in the complaint was contracted, the defendant was a trustee of said corporation, and then the complaint proceeds to set forth, as three separate and distinct causes of action (of each of which the first three allegations, above set forth, are made a part), the making and delivery of three notes by the corporation for debts " previously contracted " by the corporation to the plaintiffs. A demurrer was interposed to the first two causes of action, on the ground that they do not state facts sufficient to constitute a cause of action; but an answer was served to the third cause of action. The statute under which the action is brought (Laws 1875, chap. 267, § 8) provides as follows: " The trustees, directors or managers of any society or corporation organized under the provisions of this act, shall be jointly or severally liable for all debts due from said society or corporation, contracted while they are trustees; provided said debts are payable one year from the time they shall have been contracted, and provided a suit for the collection of the same shall be brought within one year after the debt shall become due and payable." The first two causes of action respectively set forth two promissory notes, the one given on August 10, 1892, and the other on August 29, 1892, both to secure the payment of indebtedness for services and materials " previously contracted;" but neither cause of action states whether the debts were payable one year from the time they were contracted. This omission renders these two counts of the complaint defective. The allegations with regard to the giving of the notes do not cure the defect. The giving of the notes is merely evidence of the indebtedness of the corporation; but, so far as the allegations of the first two causes of action are concerned, the indebtedness might have been contracted at some indefinite time before the dates of the respective notes. The notes were made payable, respectively, four months after date; the amended complaint was verified May 9, 1893. The acceptance of the notes did not merge or extinguish the

original indebtedness, but only operated to extend the time of payment. *Parrott* v. *Colby*, 6 Hun, 55; *Jagger Co.* v. *Walker*, 76 N. Y. 521. The allegations of the complaint should show that the original indebtedness was payable one year from the time it was contracted, as required by the statute. The notes were not evidence of the debt of the corporation, for which the trustee should be held liable, but the original debt contracted by the corporation should be pleaded. *McHarg* v. *Eastman*, 7 Robt. 137–140. It must be held, therefore, that the allegations of the first two causes of action are insufficient. The question to be determined is whether this defect is cured by the allegations of the third cause of action. The third cause of action, which the complaint states as " a separate and distinct cause of action," sets forth a third promissory note, dated September 1, 1892, given to secure payment of a " previous indebtedness for services and materials ; " and then, in the third paragraph of this third " separate and distinct " cause of action, the complaint alleges that at the time the said debts were contracted by the said corporation, and " the said notes, hereinbefore set forth, were executed and delivered, to wit, the 10th of August, 1892, the 29th of August, 1892, and the 1st of September, 1892, the above-named defendant, Warren Sage " (" John M. Tate " in the second above-entitled action), " was a trustee of the said corporation, and said debts were contracted, for which the notes hereinbefore set forth were given, and were all payable within one year from the date when said debts were contracted and said notes were executed and delivered ; and that less than one year has elapsed since said debts and said notes became due and payable, and payment thereof was demanded and refused." This paragraph certainly makes the allegations of the third cause of action sufficient, but the defendant claims that it does not cure the defect in the first two causes of action. It is true that the authorities are against supplementing the allegations of one cause of action by statements made in another, not distinctly connected therewith by appropriate words (*Anderson* v. *Speers*, 8 Abb. N. C. 382); but in

the case at bar, it seems to me the necessary allegations in the third cause of action are sufficiently connected with the allegations of the first two causes of action, and supply the defect therein. The third paragraph of the third cause of action specifically mentions the notes and indebtedness set forth in the first two causes of action. The defendant's contention is too technical, and not in accordance with the requirements of substantial justice. Pleadings should be liberally construed with a view to substantial justice between the parties. Code, § 519 ; see also *Dempsey* v. *Willett*, 16 Hun, 264 ; *Dexter* v. *Alfred*, 19 N. Y. Supp. 770. The numerous authorities on this question, cited by defendant's counsel, do not sustain his contention, for the reason that " there is something which can be construed as a general allegation referring to each and every of the counts, and connecting such general allegation with each of such counts " (*Victory Co.* v. *Beecher*, 55 How. Pr. 193), *i. e.*, the allegations in the third paragraph of the third cause of action above quoted. In the third cause of action only one note, *i. e.*, that of September 1, 1892, is set forth ; in the second cause of action only one note, *i. e.*, that of August 29, 1892, is set forth ; and in the first cause of action only one note, *i. e.*, that of August 10, 1892, is set forth, in each case it being alleged that these were given for indebtedness for services and materials previously contracted ; while in the third paragraph of the third cause of action above quoted, all of the notes and the indebtedness for which they were given are specifically referred to, and the allegation is made that the debts, for which the notes were given, were all payable within one year from the date when said debts were contracted, etc. I am of the opinion that this allegation cures the defect in the two first causes of action, and that the demurrer cannot be sustained.

Demurrer overruled.