JAMES H. VREELAND, complainant-respondent,

*v.*

THE FOREST PARK RESERVATION COMMISSION, defendant-appellant.

[Submitted March 24th. 1913.   Decided June 18th, 1913.]

The act entitled "An act for the protection of woodlands," approved April 12th, 1909 (*P. L. 1909 p. 102*), violates the constitutional prohibition against taking private property for public use without compensation, and affords no support for an attempt to take private lands without compensation.

---

On appeal from a decree of the court of chancery advised by Advisory Master Jay Ten Eyck.

*Mr. William I. Lewis,* for the complainant-respondent.

*Mr. Edmund Wilson,* attorney-general, and *Mr. Nelson B. Gaskill,* assistant attorney-general, for the defendant-appellant.

The opinion of the court was delivered by

BERGEN, J.

The bill of complaint in this cause charges that the "Erie Railroad Company," under the direction and authority of the "Forest Park Reservation Commission" of the State of New Jersey, threatens to enter upon complainant's lands and there, at a distance of not less than one hundred feet nor more than two hundred feet from the outer rail on each side of the track of the railroad of the defendant corporation, and extending parallel with it, to clear a strip of complainant's land, not less than ten feet wide, of trees, brush, grass and turf, and expose the bare earth and then and there to cut down said trees growing on said strip and dig up the said land, as authorized by a statute of this state entitled "An act for the protection of woodlands," approved April 12th, 1909, and the prayer is that the "Forest Park Reservation Commission" and the Erie Railroad Company be enjoined from so doing.

The regularity of the proceedings had under the act are not questioned and the answer of the Erie Railroad Company admits that it intends to enter upon the complainant's land and cut down the trees thereon; clear the grass and turf and expose the bare earth, so far as it may be necessary to comply with the statute of this state. It also admits that no offer of compensation to the complainant has been made, and that no proceedings have been taken for the purpose of condemning the land under the right of eminent domain or otherwise.

The statute, which the defendants claim authorizes the intended entry upon the complainant's land, provides that wherever there is woodland, meaning thereby land or swamp, upon which there is a growth of woods or brush, adjoining the right of way, or is less than one hundred and ten feet from the roadbed of a railroad upon which are operated locomotives using coal or wood for fuel, there shall be constructed a fire line, in the manner threatened by defendants as described in the bill of complaint, which defendants claim is a justification for their proposed action.

The complainant challenges the constitutionality of this act

upon the ground, as he claims, that it is a taking of his land for public use without compensation. This contention was sustained in the court of chancery, and a decree made granting the restraint prayed for, from which decree the defendants appeal.

That the complainant will be deprived of the ordinary use of his property and required to submit to its spoliation to a considerable extent, is not denied, but this the defendant claims is an incident arising from the exercise of police powers to which the complainant must submit for the general public good.

We have no doubt that the proposed action amounts to a taking of the complainant's land. The trees and brush thereon are to be cut down, the grass destroyed in such a manner as to expose the bare earth, and where the land is swampy, a ditch not less than three feet wide is to be dug to the level of permanent water. In addition to this, all logs, fallen branches of trees, brush, grass and other combustible material will be cut and removed from complainant's land, between this strip and the railroad, a distance not less than one hundred feet, but it may be two hundred feet. The threatened appropriation of the strip of land ten feet or less in width will deprive the complainant of all beneficial use of the land involved, and is a taking of land which cannot be justified, as a proper exercise of police powers.

There is nothing in the nature of the land, or its use, that creates a nuisance to be abated. The sole purpose of the statute is to protect the public from a non-existent, but possible condition, if sparks of fire should be thrown from the engines of the defendant railroad company, running over land adjacent to that of the complainant, and for that purpose authorizes the appropriation of private lands lying adjacent to railroads for the purpose of preventing the spread of fires, caused by the railroad company, for the benefit of property other than that of the owner of the land taken.

*In the matter of Petition of Cheesebrough, 78 N. Y. 232,* the statute declared that, whenever it appeared necessary for the protection of the public health that any part or parcels of land should be drained by other means than sewers, the board of health of the municipality affected was empowered to direct the same to be done, and if the necessary drains could not be con-

nected with a sewer, the drainage should be carried to the adjacent river. Under this statute the authorities entered upon the petitioner's land and constructed an outlet through his lands into the Harlem river for all of the drains it was thought necessary to build, and there it was held that no statute could confer authority to construct such a drain through the land of petitioner without compensation to him for the land taken, if done without his consent. The opinion of the court of appeals was delivered by Judge Earle, in which he said: "But there never can be any necessity, under the police power, or the law of necessity, to permanently appropriate land to the public use without compensation. It may temporarily be interfered with or appropriated; necessity may justify so much; but when the necessity passes away, the right ceases."

In the case under consideration, nothing appears which justifies the appropriation of the complainant's land under the police power. The contemplated action is not a regulation of the use by the complainant of his property, nor does any condition exist which may be interpreted to create an emergency which would warrant the taking of private property for use or destruction, for the general good without compensation. All that appears is, that in order to establish a fire line on each side of all of the railroads of the state, the adjacent land may be taken without compensation, and being an actual permanent appropriation for the protection of the public against the possible spread of fire, the complainant is entitled to compensation.

As the statute, under which the defendants justify, authorizes the taking of his land without compensation, it contravenes article 1 section 16 of the constitution which declares "private property shall not be taken for public use without just compensation."

The decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE—14.

*For reversal*—None.