HENRY G. STAHL, Landlord, *v.* JOHN FINKELSTEIN et al., Tenants.

Municipal Court of the City of New York, Borough of The Bronx, October 8, 1947.

*Robert S. Garson* for landlord.

*Samuel Levy* for tenants.

LORETO, J.  The landlord challenges the constitutionality of the Federal emergency rent control law in this summary proceeding.  It arises by the tenant's motion to dismiss the petition contending that it is defective as a matter of law, on which decision was reserved.

The petition alleges that the landlord desires the eviction because he intends in good faith to withdraw the housing accommodations from the rental market for the reason that at the rentals obtained, it is operating at a loss.

The statute mentions the grounds upon which an eviction may be had (Housing and Rent Act of 1947 [U. S. Code, tit. 50, Appendix, § 1891 *et seq.*]).  This clearly does not come within any of the enumerated grounds.

The landlord asserts that if he is barred by the statute from obtaining the relief herein sought, it should be declared unconstitutional because it works an unlawful confiscation of his property.

Under the Emergency Price Control Act of 1942, as amended (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), a landlord was free to keep his property out of the rental market.  That statute contained subdivision (d) of section 4 (U. S. Code, tit. 50, Appendix, § 904, subd. [d]), which reads: " Nothing in this Act shall be construed to require any person to sell any commodity or to offer any accommodations for rent."

Although there is no such provision under the present act, which became effective on July 1, 1947, its omission does not render the statute invalid.  As a governmental exercise of police power, this act does not offend the principles of law governing the constitutionality of legislative enactments.

Enacted in the exercise of police power by Congress, recognizing the existence of an emergency, it provides for a program of rent regulation nationwide in scope, which necessarily will work a hardship to some individuals affected.  It is designed as a bridge over a period of emergency when the normal influences of the market place are temporarily distorted, not as a permanent substitute for the normal operation of market con-

ditions. Any hardship and loss that may be suffered by some individuals will be of limited duration especially in view of the fact that the useful life of the housing accommodations extends far beyond the contemplated short period of rent control. (See *Wilson* v. *Brown,* 137 F. 2d 348.) Although a law may not be upheld as a permanent change, it may be justified as tiding over a temporary crisis. (*Block* v. *Hirsch,* 256 U. S. 135, 157.)

It is recognized that by the exercise of police power " * * * in many cases rights of property and of person may be interfered with and largely impaired without any compensation. In such cases, the rights of private property must be made subservient to the public welfare; and it is the imminent danger and the actual necessity which furnish the justification. *Salus populi suprema lex.*" (*Matter of Cheesebrough,* 78 N. Y. 232, 237.)

As was stated in *Bowles* v. *Willingham* (321 U. S. 503, 518): " A member of the class which is regulated may suffer economic losses not shared by others. His property may lose utility and depreciate in value as a consequence of regulation. But that has never been a barrier to the exercise of police power." And in *Calhoun* v. *Massie* (253 U. S. 170, 175) the court stated: " An appropriate exercise by a state of its police power is consistent with the Fourteenth Amendment, although it results in serious depreciation of property values; and the United States may, consistently with the Fifth Amendment, impose for a permitted purpose, restrictions upon property which produce like results."

Counsel for the landlord has asked the court to express its opinion regarding the constitutionality of the new local law enacted on the same day the motion to dismiss the petition herein was made. This is unnecessary in order to make a ruling on the motion.

Accordingly, the constitutionality of the statute is sustained and the motion to dismiss the petition as insufficient on its face as a matter of law, is granted.

The same ruling is made in the other five cases consolidated for trial with the above-entitled proceeding.