NEW YORK PRACTICE REPORTS. 193

Victory Webb, &c., Mfg. Co. agt. Beecher *et al.*

# SUPREME COURT.

## THE VICTORY WEBB, &C., MFG. Co. agt. HENRY WARD BEECHER *et al.*

*Action against trustees of a corporation — complaint — demurrer — separate counts in complaint, what each must disclose — what is not a sufficient reference in one count to preceding counts.*

It is a fundamental rule in pleading that where there are separate counts in a complaint each must disclose a distinct right of action. The separate counts are for all purposes as distinct as if they were in separate declarations, and, consequently, they must contain all necessary allegations or the latter must expressly refer to the former.

The complaint contains seven counts, and each of the counts is alleged as a separate and distinct cause of action. The defendants are sought to be held liable for certain indebtedness alleged to have been incurred by the Christian Union Publishing Company, and that corporation is not made a party. It is alleged in the fifth paragraph of the first count that certain of the defendants were, for the first year of the existence of the corporation, its trustees, but there is no allegation of fact showing or tending to show why, as such trustees, the defendants, or either of them, should be held responsible for the debts of the corporation. On demurrer to the complaint:

*Held,* that the first six counts of the complaint standing alone fail to disclose any cause of action against those defendants who appear from either or any of said counts to have been trustees of the corporation which is alleged to be the debtor of the plaintiffs.

*Held, further,* that, unless there is something which can be construed as a general allegation referring to each and every of the first six counts, and connecting such general allegations with each of such counts, the demurrer must be sustained as to the several causes of action contained in those counts.

*Held,* also, that the twenty-first paragraph of the complaint, which is one of the subdivisions of the seventh or last count, which contains an allegation concerning the failure of the trustees to make and publish a

report, does not in any way refer to the six preceding separate and distinct causes of ,action, and the demurrer as to these must be sustained.

The allegation in the seventh count, that the defendants were the trustees of the Christian Union Publishing Company, and that they had made default in filing their annual report, goes to show the liability of the defendants as trustees.

It is averred in the seventh count that the machine was constructed under the direction of the corporation.

*Held,* that this is equivalent to a command that the machine should be constructed for the company by the plaintiffs, and therefore amounts at least to a request.

*Special Term, February,* 1878.      ○

THE complaint contains seven causes of action, described as counts, each count being separately stated and numbered, and declared to be a separate and distinct cause of action. The defendants have demurred to each count separately, as stating no cause of action.

The first count sets forth a contract between the plaintiffs and the corporation called the Christian Union Publishing Company, for the sale of a printing machine alleged to be worth $20,979, and alleges that the trustees of the company, for one year from October 3, 1874, were the defendants, Beecher, Benedict, Sage, Avery and Howard, and that the company has refused to pay for the machine in question.

The second count alleges that the plaintiffs made a contract with the Christian Union Publishing Company, which required the plaintiffs to send a man to New York to superintend the construction of the machine, the said company agreeing to pay such person's expenses ; that such person was sent by the plaintiffs ; that the value of his services was $380, and his traveling expenses were $190, making in all $570.

The third count alleges that the Christian Union Publishing Company proposed to the plaintiffs to pay the expense of transporting certain machinery to New York, and of erecting it in their press-room, and in compliance with such proposal the plaintiffs transported and erected the same, and paid for freight the sum of $116.

The fourth count alleges that in compliance with the proposal of the Christian Union Publishing Company to pay the expense of transporting certain machinery from England to New York, the plaintiffs transported the same, and in order to do this were compelled to and did pay revenue duties, amounting to $5,282.06 to the collector of the port of New York.

The fifth count alleges that in compliance with the proposal of the Christian Union Publishing Company, the plaintiffs delivered certain machinery to the company, where it was erected, in and about which erection the plaintiffs necessarily incurred and paid expenses amounting to $348.21.

The sixth count alleges that the plaintiffs constructed a machine for the Christian Union Company, under the contract mentioned in the first count; that it was delivered to the company, which, however, refused to pay for it, and the plaintiffs were compelled to resume possession of it, under an express agreement that they should not, by so doing, waive any claim under the contract, or any damages against the company. This machine was adapted exclusively for the use of the company, and cannot be sold for any other purpose; that for want of a purchaser the plaintiffs have been compelled to keep the machinery in store, and for the labor of putting it in store, and for storage, they have incurred expenses to the amount of $186.

The seventh count alleges the same facts as the sixth count, except as to the expense of storage, and further alleges that the plaintiffs have incurred the expense of insuring the machinery, amounting to $520. This count also alleges, *for the first time in the complaint*, that the defendants were trustees of the Christian Union Publishing Company during the period between January 1, 1875, and December 14, 1875; that they neglected to make the report required by the act of incorporation within twenty days after January 1, 1875, and that no such report was made or published until December 14, 1875.

The plaintiffs, therefore, demand judgment against the defendants personally, for the total amount of their claims against the Christian Union Publishing Company.

*Shearman & Sterling,* for defendants, Avery & Ogden.

*Lewis & Beecher,* for the other defendants. *Thomas. G. Shearman,* of counsel.

I. The Christian Union Publishing Company is not a party to this action. The defendants are all individuals, and the complaint is brought solely for the purpose of enforcing an individual liability against them. The first six counts, however, set forth nothing but contracts with the Christian Union Publishing Company, which, it is alleged, that company failed to perform. There is not a word in any of these six counts which tends to create the slightest personal liability against the defendants. The defendants, Avery & Ogden, are not even mentioned in any of these six counts, nor is any fact therein stated which connects them with the Christian Union Company. As to the other defendants, it is simply alleged that they were trustees of the company, but no default of theirs is averred. The plaintiffs rely upon matters alleged in the seventh count to cure the defects of the first six. But there is not the slightest reference in any of the first six counts to any thing which is contained in the seventh count. Each count must stand alone, and be considered as a separate and distinct complaint, except so far as by express reference it embodies allegations of another count (*Simmons* agt. *Fairchild,* 42 *Barb.,* 404; *Loosey* agt. *Orser,* 4 *Bosw.,* 391, 405; *Xenia Bank* agt. *Lee,* 2 *id.,* 624; 7 *Abb.,* 372; *Swift* agt. *Kingsley,* 24 *Barb.,* 541; *Spencer* agt. *Babcock,* 22 *id.,* 326; *Sinclair* agt. *Fitch,* 3 *E. D. Smith,* 677).

II. It has been argued by the plaintiffs, that the twenty-first paragraph of the complaint, which contains an allegation concerning the failure of the trustees to make and publish

a report, is a general clause relative to the whole complaint, and embodied, in effect, in all the preceding counts. But there is not the least foundation for this argument. The paragraphs of the complaint are numbered consecutively from beginning to end, without regard to the different counts; and under the first count there are twelve different paragraphs. There is, therefore, no reason for assuming that, under the seventh count, there could not possibly be two paragraphs; and that is the plain and natural interpretation to be put upon the complaint. If a clause like this, at the end of a separate, distinct cause of action, can be referred to by an afterthought in order to help out the defects of the other six causes of action, the rule which requires a distinct reference in each count to any thing in other counts intended to be embodied therein becomes an entire nullity.

III. While the seventh count may not be open to the objection that the default of the trustees is not therein alleged, yet that and every other count, except the first, are fatally defective, by reason of their entire omission to aver that the claim *has not been paid.* This point has been so decided by the court of appeals, and is not open to discussion here ( *Wither-head* agt. *Allen,* 4 *Abb. Ct. of App.,* 628; *McHarg* agt. *Eastman,* 7 *Robertson,* 137; *see Chambers* agt. *Lewis,* 28 *N. Y.,* 457).

IV. The sixth and seventh counts are bad, for the additional reason that they are founded upon claims for the expense of storing and insuring the machine, *for the whole price of which the plaintiffs claim to recover* in this same action, and without alleging any request or authority from the defendants or the Christian Union Publishing Company for such expenditure.

1. Where the seller of property takes it back for the purpose and with the expectation of reselling it on account of the buyer, there is reason in allowing him to charge for his expenses incurred upon the resale. But in this case it is distinctly averred that no resale of this property could possibly

be made, and the 'plaintiffs seek to recover its *entire value* from the defendants, just as completely as if the machine were destroyed by fire. If they are entitled to recover the *whole price*, they had no right to charge the buyer with any thing more, except upon the theory of an express request or authority from the buyer. They can leave the property alone, or store it with some one who is willing to take it as sole security for the expense, or they must take it as their own, and at their own expense..

2. Here no request from the buyer is alleged, nor are any facts stated from which such authority could be inferred. If the buyer will not accept the machine, and does not desire the seller to hold it for his benefit, the seller has no right to decide that the buyer's interests require the machine to be kept, and can not, therefore, involve him in any expense for its preservation.

V. The seventh count, which is the only one alleging any default on the part of the trustees, is peculiarly defective, not only because it fails to allege that the claim has not been paid, and because it does not allege any request on the part of the Christian Union Publishing Company to effect the insurance set forth in this count, but for the further reasons that it nowhere appears in this count that the machine in question was ever purchased by the company, or that the insurance was made for its benefit.

1. It is not averred in this count that the machine was constructed at the request of the Christian Union Company, or under any agreement with it, or that the company ever agreed to pay for the machine. The allegation "That the machine was constructed under the direction of the said company, and to print the newspaper published by them," is very plainly intended for the sole purpose of showing that it was constructed in such a peculiar manner as to make it useless for other purposes, and this fact is, indeed, distinctly averred. A machine may well be constructed "under the direction" of a person, and yet not at his request, nor by his order, nor

with any expectation on his part that he is to be liable for it. There is not a word in this count from which the law can infer that the machine was not intended as a gift from the plaintiffs to the Christian Union Company, there being no allegation that the machine was sold to the company or purchased by it, or agreed to be so sold or purchased, nor that it was made or delivered at the request of the company. In the absence of such averments, no foundation is laid for the assertion of any liability on the part of the company for this machine, or for any expenses incurred about it.

2. It is not averred that the work was done at the request of the Christian Union Company, or under any agreement with it, or that the company ever agreed to pay for the same. There is nothing stated from which it can be inferred that the machine was not a gift from the plaintiffs to the Christian Union Company. There being no allegation that the machine was "sold" to the company, nor that it was made and delivered "at the request" of the company, no foundation is laid for an action (*Spear* agt. *Downing*, 34 *Barb.*, 522; *Parker* agt. *Crane*, 6 *Wend.*, 647; *Chaffee* agt. *Thomas*, 7 *Cow.*, 358; *Comstock* agt. *Smith*, 7 *Johns.*, 87; *Livingston* agt. *Rogers*, 1 *Cai.*, 583).

3. This count is founded, however, not upon the sale or delivery of the machine, but upon the expense of *insuring* it, which has been paid by the plaintiffs. There is no allegation that this insurance was effected at the request of the Christian Union Company, or in any way authorized by that company, or that the insurance was made for the benefit of the company, with or without authority. On the contrary, it is plain, from the facts stated, that in case the policy of insurance became payable, the plaintiffs would recover its amount and retain it for their own benefit, there being no pretense of an agency or of any fact which would entitle the Christian Union Company to the benefit of the insurance. It is obvious that, in the absence of any such facts, the plaintiffs cannot recover the amount of the insurance. See these

principles illustrated in *Stillwell* agt. *Staples* (19 *N. Y.*, 401).

VI. The whole argument of plaintiffs' counsel is founded upon the assertion that the causes of action stated in the complaint are not separate or separable; that the last six counts are mere items of damage arising out of the first; and that although they are stated in terms as separate and distinct causes of action, and are separately stated and numbered, the court is, nevertheless, bound to treat them as constituting but one cause of action. To this we answer :

1. It is too late to argue this question, it having been fully considered and decided by this court at another stage of the proceedings. The plaintiffs have elected to treat these claims as separate causes of action; and it does not lie in their mouths to say that it is impossible to do that which they have actually done. Indeed, if there were unquestionably but one cause of action, it would, nevertheless, be entirely competent for the parties, by consent, to split that single claim into any number of claims. Thus, although an action for a single barrel of apples unquestionably sets forth but one cause of action, there is no law to prevent the plaintiff and defendant from setting forth, by mutual consent, each particular apple as a separate cause of action : and after they had consented to do so, and the pleadings had been drawn upon that basis, neither party could insist that the court should treat the cause of action as single. Here is clearly such a consent. The defendants have moved to compel the plaintiffs to separate their claims, and the plaintiffs have done so. It is too late to say that that which has actually been done ought not to have been done, or could not possibly be done. The first proposition is unjust, and the second is absurd.

2. The question may be much simplified by a single counter-question : Could we put in an answer denying only the allegations of the first count in the complaint, and yet prevent the plaintiffs from taking judgment upon each of the six other counts ?

VII. The court of appeals cases cited by plaintiffs' counsel only go to the simple point that the separate statement and numbering of distinct causes of action is a matter of practice, to be. regulated by the special and general terms of the supreme court; and that an order of the general term requiring or refusing to require such a separate statement to be made is not reviewable in the court of appeals; but it will be a very long time before the court of appeals decides that when the supreme court *has* ordered such separate statement to be made its order is to be treated as void.

VIII. It is said that the form of the complaint is a matter ·of no importance, and that although it sets forth these causes of action as· distinct, they are still to be regarded as a single cause of action, and the defendant not allowed to demur to each of them. separately. But so far from the form in which facts are stated being immaterial, it has been expressly held that where an answer states facts which would constitute a counter-claim, but uses.no apt words to indicate that they are relied upon as a counter-claim, they will not be treated as such, and are not admitted ,by a. failure to reply (*Bates* agt. *Rosekrans*, 23 *How.*, 98; *Burrall* agt. *De Groot*, 5 *Duer*, 379).

IX, The strongest argument of the plaintiffs' counsel is, that these palpable defects in a pleading which he has amended three times should not be disregarded. In view of the fact that these defects are such as have been adjudged fatal by the court of appeals, on demurrer, in *Witherhead* agt. *Allen,* and in many other cases of nearly equal authority, we submit that it would be as reasonable to ask that a complaint containing a demand of judgment, without *any* statement of facts, should be liberally construed, and the "slight defect" of the want of any facts be supplied by a broad and generous interpretation of the demand of relief.

X. The defendants are entitled to judgment upon the demurrer.

*Lord, Day & Lord,* for plaintiffs.

LAWRENCE, *J.* — The complaint in this action contains seven counts, and each of the counts is alleged as a separate and distinct cause of action. The defendants are sought to be held liable for certain indebtedness alleged to have been incurred by the Christian Union Publishing Company. The first six counts of the complaint do not contain an allegation of a single fact which shows why or for what reason the defendants should be held responsible for the debts of the Christian Union Publishing Company, and that corporation is not made a party to this action.

It is alleged in the fifth paragraph of the first count of the complaint that certain of the defendants were for the first year of the existence of the corporation its trustees, but there is no allegation of fact showing, or tending to show, why, as such trustees, the defendants, or either of them, should be held responsible for the debts of the corporation. In *Simmons* agt. *Fairchild* (42 *Barb.*, 404) Mr. justice E. DARWIN SMITH in delivering the opinion of the court states "that it is a fundamental rule in pleading that where there are separate counts in a complaint each must disclose a distinct right of action," and he proceeds to quote from Chitty's Pleadings, 413, wherein it is laid down that "the separate counts are for all purposes as distinct as if they were in separate declarations, and consequently they must contain all necessary allegations or the latter must expressly refer to the former (*See, also, Gould's Pl.*, sec. 3, chap. 4, p. 159; *Loosey* agt. *Orser*, 4 *Bos.*, 392; *Sinclair* agt. *Fitch*, 3 *E. D. Smith*, 677; *The Xenia Branch Bank* agt. *Lee*, 7 *Abb.*, 372, 373; *Spencer* agt. *Babcock*, 22 *Barb.*, 327).

The first six counts of the complaint then standing alone fail to disclose any cause of action against those defendants who appear, from either or any of said counts, to have been trustees of the corporation which is alleged to be the debtor of the plaintiffs.

Unless, therefore, there is something in the complaint which can be construed as a general allegation referring to each and

every of the first six counts, and connecting such general allegations with each of such counts, this demurrer must be sustained as to the several causes of action contained in those counts. The plaintiff contends that such an allegation is to be found in the twenty-first paragraph of the complaint which is one of the subdivisions of the seventh or last count.

This paragraph does not in any way refer to the six preceding separate and distinct causes of action within the rule stated in *Simmons* agt. *Fairchild* (42 *Barb.*, 404).

I am of the opinion that the demurrer to the first six counts, or alleged causes of action set forth in the complaint, must be sustained.

The case of *Goldberg* agt. *Utley* (60 *N. Y.*, 427), which is relied on by the learned counsel for the plaintiff, simply decided that the provisions of the Code requiring different causes of action joined in a complaint to be separately stated related only to questions of practice over which the court below had control; and in the case of *Bass* agt. *Comstock* (38 *N. Y.*, 21) the court held that a demurrer would not lie to a complaint containing different causes of action which might be united merely because they were not separately stated and numbered. Neither of these cases affect the question now under consideration, and the same may be said in regard to the case of *Wiles* agt. *Suydam* (64 *N. Y.*, 173).

It is, then, only necessary to examine the seventh count for the purpose of ascertaining whether that states a cause of action against the defendants.

This count is not amenable to the objection that there is nothing stated in it which goes to show the liability of the defendants as trustees. The allegation that the defendants were the trustees of the Christian Union Publishing Company and that defendants had made default in filing their annual report is contained in this count.

I am of the opinion that it does sufficiently appear that the machine was built at the request of the corporation. It is averred that the machine was constructed under the direction

of the company.    This is equivalent to a command that the machine should be constructed for the company by the plaintiffs and, therefore, amounts at least to a request.

The defendants are entitled to judgment on the demurrer as to the first six counts, but the demurrer is overruled as to the seventh, and leave will be given to the plaintiffs to amend.