PEOPLE *ex rel.* DECKER *v.* HOBOKEN TURTLE CLUB.

*(Supreme Court, General Term, First Department.* April 17, 1891.)

EXPULSION OF MEMBER FROM CLUB—NOTICE.

The constitution of a club gave power to the board of governors to censure, suspend, or expel members for misconduct, but provided that no such penalty should be enforced until after 10 days' notice in writing had been given to the member. *Held* that, in the absence of any agreement or provision to the contrary, personal notice was required; and a notice sent by mail, which, in due course, would have been delivered at the member's address 10 days previous to the proposed action, but which was not received by him personally until 9 days previous thereto, was insufficient.

Appeal from special term, New York county.

Application by Alonzo T. Decker for a writ of peremptory *mandamus* directing the Hoboken Turtle Club to restore him to his office and membership in said club, from which he had been expelled. The club appeals from an order granting a peremptory writ.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*William H. Townley,* for appellant. *Dill, Chandler & Seymour, (James B. Dill,* of counsel,) for respondent.

VAN BRUNT, P. J. The defendant is a social organization incorporated under the laws of this state. The relator was a member and the treasurer of the club, and was expelled by the board of governors by resolution, after an alleged trial in which he refused to participate. There was an appeal taken from the action of the club, which was confirmed at a meeting of the members thereof, and, this application having been made for a *mandamus* to restore the relator to his office as treasurer, and also to his membership, the court refused to restore him to his office, but ordered him to be reinstated as a member. It appears that the principal ground upon which the decision of the court below proceeded was because a certain by-law of the club had not been complied with. Such by-law reads as follows: "Sec. 2. If the conduct of a member shall appear to the house committee to be disorderly, in violation of the rules, prejudicial to the interests or character of the club, or contrary to its by-laws, the committee shall inform him thereof in writing, and if the nature of the offense, in its opinion, requires it, request him to resign. If such information or request be disregarded, the house committee shall refer the matter to the next regular meeting of the board of governors, or to a special meeting thereof, of which reference written notice of not less than two weeks shall be given to the offending member." The constitution of the club contains the following provisions: "Section 1. The board of governors shall have power to censure, suspend, or, by a two-thirds vote of members present, expel any member charged with conduct which, in the estimation of the board, is prejudicial to, or which may endanger the welfare, interest, or character of, the club. Sec. 2. All charges of misconduct against any member must be presented to the governors in writing by the house committee, to whom all complaints must first be made. No penalty, however, shall be enforced against any member of the club until after ten days' previous notice in writing has been given to such member, specifying the charges against him, and he shall have been given an opportunity to be heard by the board in his own defense." And although by this provision of the constitution all charges of misconduct against any member must be presented to the governors in writing by the house committee, yet we think it was in no way intend-

ed to limit the powers conferred upon the governors by the constitution by anything contained in the by-law above referred to. We think, as is suggested by the learned counsel for the appellants, that this by-law relates to the police powers of the house committee in reference to things coming under the cognizance and view of that committee; in other words, to the conduct of a member while in the club-house,—the language of the by-law being: "If the conduct of a member shall appear to the committee to be disorderly, in violation of the rules, prejudicial to the interest or character of the club, or contrary to its by-laws,"—evidently referring to the conduct of the member in the club itself, and having no relation to anything he might do outside of the limits of the club. Under such circumstances the house committee might call attention to the member's disorderly conduct, and request him to resign, and, if he did not resign, they might send his case to the board of governors. But they are not required to do so. This provision in no way abridges the powers of the board of governors conferred upon them by the constitution, which is that they may censure, suspend, or expel any member charged with conduct which, in the estimation of the board of governors, is prejudicial to or might endanger the welfare, interest, or character of the club. And this power is much broader than that contained in the by-law, and intends to reach all cases where the conduct of the member is prejudicial to the welfare, interest, or character of the club, and is not confined to disorderly conduct, as is the power conferred by the by-law. There is another point, however, which seems to be conclusive upon this appeal; and that is that the relator did not receive 10 days' notice in writing of the charges against him, as provided by the constitution. It appears that the notice was mailed to the relator at the place where notices were accustomed to be sent, which in due course of mail would have been delivered at his office 10 days previous to the proposed action. It appears, however, that this notice was not personally received until the next morning by the relator, and thus, if it was necessary to serve the notice upon the member personally, no such notice was received more than 9 days before the action of the board of governors. It appears to have been held by the court of appeals in the case of *Wachtel* v. *Society*, 84 N. Y. 28, that, in the absence of any agreement by a member of a corporation, or any provision in the charter or by-laws for a different mode of service, it should be personal, as required at common law, where the object is to deprive a party of his rights or property. This rule is also declared in the cases of *Rathbun* v. *Acker*, 18 Barb. 393, and *People* v. *Railroad Co.*, 13 Hun, 212. It would thus appear that the board of governors did not obtain jurisdiction of the relator, he not having appeared before them, and their action was unauthorized by the constitution. The order should be affirmed, with costs.