### PEOPLE *ex rel* STEPHENS *v.* GREENWOOD LAKE ASS'N.

(*Supreme Court, General Term, First Department.* March 31, 1892.)

ASSOCIATIONS—EXPULSION OF MEMBERS.

By-laws of an association incorporated under Act April 11, 1865, "for the incorporation of societies or clubs for certain social and recreative purposes," provided for special meetings of the trustees on notice in writing to each member of the board, and authorized the expulsion of a member at a special meeting, a two-thirds vote of the trustees present being required therefor. *Held*, that the board had no jurisdiction to expel a member at a special meeting, of which one of the trustees did not receive written notice, and at which such trustee was not present; and that the member so expelled was entitled to a *mandamus* to restore him to membership.

Appeal from special term, New York county.

Motion for a writ of peremptory *mandamus*, on the relation of William A. Stephens, to compel the Greenwood Lake Association to restore him to membership in said association, it being a corporation organized under the act of April 11, 1865, entitled "An act for the incorporation of societies or clubs for certain social and recreative purposes." Relator appeals from an order denying his motion. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Billings & Cardozo*, (*Michael H. Cardozo*, of counsel,) for appellant. *Eugene Otterbourg*, for respondent.

PER CURIAM. The trustees of the respondent assumed to act upon certain charges made against the relator, and to expel him from the association, thus depriving him of his rights as a member of the corporation; and the relator, claiming that such expulsion was not in accordance with the provisions of the by-laws, now asks to be reinstated as a member of the corporation. The relator is entitled to the relief sought, unless it appears that the by-laws were strictly complied with. Section 3 of art. 4 of the by-laws provides for meetings of the trustees. They are required to hold a regular monthly meeting, and special meetings are to be called by the secretary, on the direction of the president or vice-president, by a notice in writing to each member of the board; and no special meetings can be held, at which a member can be ex-

pelled, except by complying with these provisions. By section 6 of art. 5 a member may be expelled at a special meeting of the board of trustees. It appears in the papers on which this application was made to the court below that one of the trustees never did receive a written notice to attend this meeting, and was not present thereat; and we think that, in consequence of the failure to give a written notice to the trustee Evans, the board of trustees acquired no jurisdiction to expel the relator at that special meeting. The claim that there were enough votes to have overcome the vote of the absent member in no way affects the question, because, in order that valid action may be taken by such a board, all the members of the board must be legally summoned, although the majority may control the action of the board when legally convened; the argument being that the reasoning of one member of a board may influence, and frequently has influenced, the minds of many of his associates as to the propriety of the contemplated action, and whose votes would have been the opposite of what they were, had such member been present. *In re East Norfolk Tramway Co.*, 5 Ch. Div. 963; *Association* v. *Coleman*, L. R. 6 Ch. App. 558; *Paine* v. *Irwin*, 16 Hun, 390; *Duryea* v. *Traphagen*, 84 N. Y. 652. This court has settled that, where notice is required to be given to a trustee of a meeting of a board of which he is a member, and no provision is made as to the manner of service, it must be personal, as required at common law. *People* v. *Turtle Club*, (Sup.) 14 N. Y. Supp. 76, and cases there cited. We think, therefore, that the relator was entitled to the *mandamus* reinstating him as a member of the corporation, and that the order should be reversed, with $10 costs and disbursements, and the motion granted, with costs.

All concur.