(18 App. Div. 235.)

## BAXTER v. McDONNELL.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. ECCLESIASTICAL COURTS—JURISDICTION.
     An ecclesiastical court has jurisdiction of property rights only when they are dependent on questions of doctrine, discipline, or church government.

2. DEMURRER—FACTS ADMITTED BY—JURISDICTION.
     An allegation of the answer in an action by a Roman Catholic priest against his bishop for his salary, that a tribunal of the church, in which the same matter was litigated by the same parties, had jurisdiction of the subject-matter and of the parties, is not admitted by a demurrer.

Appeal from special term, Kings county.

Action by John F. Baxter against Charles E. McDonnell. From an interlocutory judgment entered on a decision sustaining a demurrer to a portion of the answer, defendant appeals. Affirmed.

The action was brought to recover an alleged balance due to the plaintiff as his salary for his services as priest of the Roman Catholic Church. He alleges that he, as such, was assigned in September, 1885, by the Right Reverend John Loughlin, the bishop of the diocese of Brooklyn, as pastor, to the parish of Babylon, in the county of Suffolk. He seeks to recover the alleged balance of his salary from that time until in October, 1892, and from December, 1892, when he was assigned to the duty of chaplain of St. Mary's Hospital, in Brooklyn. He also alleged that the execution by him of a general release to the defendant was obtained from him by fraud and duress. The defendant by his answer put in issue some matters set forth in the complaint, and for a third, separate, and affirmative defense alleged: "That in an action in the metropolitan court of the archdiocese of New York, in which the plaintiff herein was plaintiff and this defendant was defendant, and in which all the matters of complaint alleged by the plaintiff in the complaint herein were alleged and set forth by said plaintiff in his action in said metropolitan court and in which all the issues that are herein joined were therein tried, a judgment was duly rendered on or about the 25th day of August,

1895, whereby it was adjudged that (1) the decision of the court on the first complaint is that the resignation of the Rev. John F. Baxter, plaintiff, was valid; (2) the decision of the court in the matter of the release and settlement is that the release signed by the plaintiff, relinquishing all claims for the sum of fifteen hundred dollars ($1,500) paid to him November 30, 1892, is binding on both parties to this suit, and must stand as valid; (3) the court refuses to grant plaintiff's demand for a pastor's salary for the time he has served at St. Mary's Hospital. That the said metropolitan court · of the archdiocese of New York is a court duly organized by the Holy Roman Catholic Church. and, at the time said action was therein brought and tried and said judgment. was rendered, had jurisdiction of the parties to said action, and of the subject-matter of said action, and that at the time said action was commenced, and continuously thereafter until the present, said plaintiff was, has been, and now is a member of the · Holy Roman Catholic Church, and subject to the rules, laws, and discipline of said church, and subject to the jurisdiction and adjudication of said metropolitan court." The plaintiff interposed a demurrer to this affirmative matter so alleged, on the ground that it failed to state facts sufficient to constitute a defense.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry C. M. Ingraham, for appellant.
L. J. Morrison, for respondent.

BRADLEY, J. The metropolitan court of the archdiocese of New York, mentioned in the defendant's answer, it may be assumed, was a tribunal duly organized within and for the ecclesiastical government of the Roman Catholic Church. As such, the court was vested with judicial functions to determine questions of faith, discipline, rules, and custom pertaining to church government. And when the right of property is dependent upon the question of doctrine, discipline, or church government, the civil court, where the question may arise, will treat the determination made upon such question by the highest tribunal within the church organization as controlling in that respect. Watson v. Jones, 13 Wall. 679; Connitt v. Dutch Church, 54 N. Y. 551. Beyond that, there can be no recognition in this state of the jurisdiction and judicial power of any ecclesiastical court. The questions of civil rights of persons, relating to themselves personally, or to property, whatever may be their relation to church organizations, and pertaining thereto, are the subjects of adjudication in the civil tribunals exclusively. Miller v. Gable, 2 Denio, 492. The civil courts do not interfere with ecclesiastical matters in which temporal rights are not involved. When the plaintiff assumed the relation of pastor of the parish to which he was assigned, he, in that relation, was subject to the rules, discipline, and canons of the church, and the judicatories within its organization. Rector of St. James Church v. Huntington, 82 Hun, 125, 31 N. Y. Supp. 91; Connitt Case, 54 N. Y. 551; Walker v. Wainwright, 16 Barb. 486; Union Church v. Sanders, 1 Houst. 100; Chase v. Cheney, 58 Ill. 509. The plaintiff, by his complaint, goes beyond this, and alleges facts which on their face show that a legal liability arose against the defendant, as the successor of the Right Reverend John Loughlin, deceased, as bishop of the diocese of Brooklyn, to the plaintiff, for the alleged balance of his salary as pastor of the parish of Babylon for the period extending from September 10, 1885,

to October 12, 1892. And the question for consideration is whether the remedy sought by this action survives, or is barred by the alleged adjudication in the metropolitan court of the archdiocese of New York, wherein the plaintiff and defendant were parties, and in which was included the subject-matter of this action. For the purposes of the question here, the facts alleged relating to that court, its jurisdiction, and the subject-matter of the controversy there, are necessarily taken as true, so far as they are capable of being. so, by force of. the demurrer, which proceeds upon the assumption and admission that they are so far true. It is therefore urged by the learned counsel for the defendant that the plaintiff has by his demurrer admitted that such metropolitan court had jurisdiction of the parties and of the subject-matter of the action, and that the plaintiff, being a member of the Holy Roman Catholic Church, and subject to the rules, laws, and discipline of the church, was subject to the jurisdiction and adjudication of that court. He evidently was, so far as related to the matter of discipline and ecclesiastical rules, laws, and customs of the church government. But notwithstanding the allegations of the alleged defense, to the effect that the metropolitan court was duly organized, and had jurisdiction of the parties and of the subject-matter, judicial notice will be taken of the fact that it was not a court created or organized pursuant to any law of the state of New York, and was one which could not, by virtue of any law, be created within the state. Const. art. 6, § 19; People v. Porter, 90 N. Y. 68. No facts are alleged showing that the court had jurisdiction of the parties and the subject-matter. Gilbert v. York, 111 N. Y. 548, 19 N. E. 268. And it appearing that the alleged tribunal, in its nature, is ecclesiastical only, it cannot be assumed that it, as such, had jurisdiction to determine the civil rights of the parties, but judicial notice must be taken to the contrary. Nor could jurisdiction of the subject-matter be conferred upon that tribunal, as a court, by consent of the parties. Coffin v. Tracy, 3 Caines, 129; Dudley v. Mayhew, 3 N. Y. 9; Harriott v. Transportation Co., 2 Hilt. 262. The alleged adjudication by it as a court must therefore be deemed to have been non coram judice and void, so far as relates to the plaintiff's alleged cause of action in the present case.

The defendant's counsel contends that, if the allegations of the answer to which the demurrer was interposed failed to constitute a defense to the first cause of action, it did to the second cause of action alleged in the complaint. If the allegations of the latter constitute a cause of action in this court, the alleged defense in question would not be any bar to recovery, for the reason before given; and, if they do not constitute a cause of action, that alleged defense can have no necessary application to them. It is not seen that the allegations of what is designated as the "second cause of action," aided by the preliminary statement in the complaint, does, without reference to matters alleged in the first one, constitute a cause of action. And, as no reference is made in it to any allegations of the first alleged cause of action, nothing contained in the latter can be made available in support of the second cause of action alleged

in the complaint. Manufacturing Co. v. Beecher, 55 How. Prac. 193; Reiners v. Brandhorst, 59 How. Prac. 91; Simmons v. Fairchild, 42 Barb. 404; Woodbury v. Deloss, 65 Barb. 501. The second count fails to allege any agreement, or facts constituting one, to pay him the sum claimed for the period there mentioned. Exclusive of the preliminary allegations in the complaint, applicable to both counts, the plaintiff alleges that, inasmuch as he was a pastor, he should have been paid $1,000 per year for the period in which he acted as chaplain of St. Mary's Hospital, to which duty he was assigned; and, as the amount received by him during that time was $300 per year, he seeks to recover the difference. As the alleged defense was pleaded as a bar to any recovery by the plaintiff, the question of the sufficiency of the facts alleged in the second cause of action for its support requires no further consideration.

The adjudication of the metropolitan court is not pleaded as an arbitration and award, nor are the facts essential to such a defense alleged in the answer. The contention of the counsel in that respect is therefore not supported.

The judgment should be affirmed. All concur.