In the Matter of the Removal of FLORA M. KOCH and Others, as Trustees of FIFTH CHURCH OF CHRIST, SCIENTIST, NEW YORK, and the Election of RALPH WADSWORTH and Others, as Trustees of FIFTH CHURCH OF CHRIST, SCIENTIST, NEW YORK, in Their Place.

FLORA M. KOCH, Appellant; RALPH WADSWORTH and Others, Respondents.

First Department, May 29, 1931.

*Martin Conboy* of counsel [*Frederick Hemley* and *Joseph Fischer* with him on the brief; *House, Grossman & Vorhaus,* attorneys] for the appellant.

*Robert McC. Marsh* of counsel [*George H. Porter* and *Meyer B. Cushner* with him on the brief; *Delafield, Thorne, Burleigh & Marsh,* attorneys] for the respondents.

MARTIN, J.   The Fifth Church of Christ, Scientist, New York, is a domestic religious corporation with a board of nine trustees. On January 13, 1930, the petitioner, Flora M. Koch, was elected a trustee for three years.   On January 15, 1930, Henry E. Talbot was elected a trustee for two years.   In January, 1929, Grattan S. Condon was elected a trustee for two years.   On October 13, 1930, a resolution authorizing their removal was offered and adopted by a majority vote.   The resolution is as follows: " That in view of the report of the Board of Trustees that Mr. Grattan S. Condon, Miss Flora M. Koch and Mr. Henry Earl Talbot failed to vote on twenty applications for admission to this Church, thus deliberately disobeying the By-Laws of Fifth Church and the request of the corporate body expressed in a motion passed without a dissenting vote at the meeting of May 21st, 1930, these three members, Mr. Grattan S. Condon, Miss Flora M. Koch and Mr. Henry E. Talbot be removed from office of Trustee and that the Board of Trustees be directed to elect their successors in accordance with the Religious Corporations Law."

The Religious Corporations Law, section 184 (added by Laws of 1918, chap. 332), contains special provisions applying to Churches of Christ, Scientist, and governing the election of trustees.

" § 184. Application of this article.   This article applies only to Churches of Christ, Scientist, which are branches of The First Church of Christ, Scientist, in Boston, Massachusetts.   Any such

church heretofore incorporated shall hereafter be governed by the provisions of this article so far as applicable except that no person, who shall, when this article takes effect, be a duly qualified voter in any such previously incorporated church, shall be deprived of the right to vote at its corporate meetings by any provision of this article."

Section 189 of the Religious Corporations Law (added by Laws of 1918, chap. 332) provides that the term of office of the trustees shall be *three years* and until their successors shall be elected and take office. The statute in section 186 (added by Laws of 1918, chap. 332) provides for the division of the trustees into classes, so that the terms of one-third of their number expire each year, their successors to be elected at the annual corporate meeting for a term of three years. By section 189-c (added by Laws of 1918, chap. 332) vacancies in the office of trustee are to be filled by the remaining trustees until the next annual corporate meeting when the vacancy is filled for the unexpired term. There is no special provision in the statute concerning the removal of a trustee of a Church of Christ, Scientist; nor is there any such provision in the by-laws of the Fifth Church.

In *People ex rel. Manice* v. *Powell* (201 N. Y. 194) the court said: " Without some statute or provision of the charter authorizing his removal or suspension, a director cannot be removed or suspended from office until the end of his term, at least without cause."

The Special Term held that the petitioners had ample and sufficient notice of all the matters which they were required to meet at the corporate meeting, and, therefore, their removal was proper.

Section 184 of the Religious Corporations Law emphasizes the fact that the Churches of Christ, Scientist, are governed by statute. Section 188 (added by Laws of 1918, chap. 332) provides that trustees shall cause notice of the time and place of corporate meetings to be served, *therein specifying*, if an annual meeting, the names of any trustees whose successors are to be elected thereat, and *if a special meeting, specifying the business* to be transacted thereat, to be given by the person acting as first reader at each regular meeting of the church for public worship held on the two successive Sundays next preceding such meeting. Although such a notice was not given, it is now asserted by the respondents that because of the by-laws, no such notice was required. The notice was general in character and was not sufficient. It called attention only to the fact that there would be a meeting, but gave no intimation of the purpose of that meeting.

In *People ex rel. Meads* v. *McDonough* (8 App. Div. 591, 598) the court said: " General notice of the meeting was given to the

officers and members, as usual, without specifying the nature of the business that was to be transacted. The relator had no other or different notice. Thus, even if the previous proceedings had been regular and legal, at the culminating point, when a judgment of forfeiture was to be pronounced, not only was the relator suffered to remain ignorant of what was going on, but the members themselves, who were to take part in the decision, were not notified of the important business that was to come before them. * * *

" The courts hold that the notice should state distinctly what the object of the meeting is. Where the power of expulsion is in the society at large, notice that it is intended to expel must be given to all the members of the society, and where the power is in a select body, each member of such body must be so notified. (Niblack, § 70.) If the action of the society was a part of the trial, it was a trial without notice and a conviction without evidence."

The petitioner claims that her removal from office was also unlawful in that it required a two-thirds vote of the quorum present to remove a trustee from office; that at the corporate meeting the vote for removal was only ninety-nine against fifty-five votes. It is contended by the respondents that the by-laws of the church (Art. XIV, § 10, which provide that a majority vote of qualified voters present and voting shall be sufficient for an election or to carry a motion) govern the subject.

The by-laws of the Fifth Church (§ 10) provide as follows: " Majority Rule. Unless otherwise provided in these By-Laws, a majority vote of qualified voters present and voting shall be sufficient for an election or to carry a motion."

Article XIV of the by-laws provided, however, that " Section 5. Rules of Procedure. Robert's Rules of Order shall govern at all corporate meetings, board and committee meetings, where they do not conflict with these by-laws."

Robert's Rules of Order provide: " There has been established as a compromise between the rights of the individual and the rights of the assembly the principle that a two-thirds vote is required to adopt any motion that * * * *deprives one of membership or office.*"

Since it appears that there is no specific provision in the statute or in the by-laws relative to removal from office, it follows that Robert's Rules are not in conflict with either statute or by-laws and, therefore, govern the proceedings which must be followed.

Neither the statutory requirements, the by-laws nor Robert's Rules of Order were followed in removing Flora M. Koch, Grattan S. Condon and Henry E. Talbot and electing their successors.

The Special Term also held that the petitioner having been

removed by authority of the by-laws of the church, the motion to set aside the election of the trustees must be denied.

There is no question of ecclesiastical discipline involved in this case; therefore, the principle of non-interference by the courts with the determination of an ecclesiastical tribunal has no application. The election of trustees and the term of office is provided for by statute. Their tenure of office is not dependent upon ecclesiastical law, but is a matter of State statutory regulation, which the church has no power to disregard.

The Religious Corporations Law, by section 5 (as amd. by Laws of 1925, chap. 459), provides as follows: " The trustees of every religious corporation shall have the custody and control of all the temporalities and property, real and personal, belonging to the corporation and of the revenues therefrom, and shall administer the same in accordance with the discipline, rules and usages of the corporation and of the ecclesiastical governing body, if any, to which the corporation is subject, and with the provisions of law relating thereto, for the support and maintenance of the corporation * * *."

The by-laws of this church (Art. VI, § 4) provide as follows: " Duties. The Board of Trustees shall manage the business affairs of this Church as prescribed by the laws of the State of New York, and shall exercise such other powers as are conferred by these by-laws * * *. It shall have power to disburse money, to make contracts and purchases, and to provide for the proper mainte- nance and care of all the church property, as provided in the Religious Corporations Law."

There appears to be no doubt that the consideration of civil and temporal rights, not dependent upon the question of doctrine, discipline or church government, is the subject of adjudication in the civil tribunals exclusively. (*Baxter* v. *McDonnell*, 18 App. Div. 235; revd. on other grounds, 155 N. Y. 83; *Fiske* v. *Beaty*, 206 App. Div. 349, 354; affd., 238 N. Y. 598; *Robertson* v. *Bullions*, 11 id. 243, 250.)

The removal of appellant as trustee and the election of her successor being unauthorized, the next question for consideration is the method of reviewing that action. In the absence of other provisions, the General Corporation Law prevails.

In *Matter of Ringler & Co.* (204 N. Y. 30) the court said: " The statute was clearly enacted in order that courts might have power to proceed in a summary manner to test the title of officers of corporations without recourse to the more cumbersome proceeding under the writ of quo warranto.

In *Merchants Loan & Investment Corp.* v. *Abramson* (214 App.

Div. 252) the court held that the rights of such officers were legal and not equitable.

It is apparent that a trustee elected for three years, a term fixed by statute, may not be deprived of such office, except upon proper notice for cause and by a two-thirds vote. (*People ex rel. Meads* v. *McDonough, supra; People ex rel. Stephens* v. *Greenwood Lake Assn.*, 63 Hun, 633; 44 N. Y. St. Repr. 914; *Goller* v. *Stubenhaus*, 77 Misc. 29, 37.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.