ELIZABETH M. GIMBEL, Plaintiff, v. HENRY WALDMAN, Defendant.

Supreme Court, Special Term, New York County, November 29, 1943.

*Bessie Goldstein* for plaintiff.

*Samuel M. Levy* and *Henry Waldman,* in person, for defendant.

EDER, J. Motion to dismiss the two causes of action set out in the complaint upon the ground that each fails to set forth facts sufficient to constitute a cause of action.

The suit is against a lawyer; the first cause of action is to recover damages for negligently and incompetently advising the plaintiff concerning various questions of law as a result of which she, as the purported wife of the decedent named, accepted a settlement from the executors of the estate of the deceased in the sum of $25,000, in full settlement of all her claims, whereas, it is alleged, but for such negligent and incompetent advice, upon which she relied, she would have received as her elective share pursuant to section 18 of the Decedent Estate Law of New York the sum of $45,045.86, and she claims damage in the sum of $20,045.86.

The second cause of action is to recover the sum of $2,700 which she alleges she paid to the defendant for his fee, the basic ground being that by reason of such negligence and incompetence defendant was not entitled to receive any fee from the plaintiff.

The complaint has annexed to it a copy of the will of the decedent who the plaintiff asserts was her husband by virtue of a common-law marriage contracted in the State of New Jersey; paragraph " Seventh " of the will contains an *in terrorem* clause and it is alleged by the plaintiff that the defendant negligently advised her that said clause was wholly invalid as respects the plaintiff and her right to receive a $20,000 legacy to her mentioned in clause " Third " thereof

in the event that she was unsuccessful in establishing her claim as the surviving spouse of the decedent; that the defendant negligently and incompetently advised her that the said clause was probably valid and that if plaintiff was unsuccessful in establishing her said claim as surviving spouse she might lose the said $20,000 bequest by virtue of said clause.

It is alleged that under the well-settled and long-established law of New York the said clause could not under any circumstances result in plaintiff losing said $20,000 legacy in the event that she was unsuccessful in establishing her said claim as surviving spouse.

An additional allegation is that the defendant negligently and incompetently advised and counseled the plaintiff that she· must file her election under said section 18 of the Decedent Estate Law within six months after the qualification of the executors of the estate and failed and omitted to advise her that extensions of time for ·such filing could be procured and that by reason of such negligent advice the defendant persuaded the plaintiff that the problem of whether or not to file the notice of objection or to accept the $25,000 settlement referred to was required to be decided within an extremely short period and thereby deprived plaintiff of mature consideration and required her to make a hasty and ill-considered deliberation and deprived her of opportunity to consult special counsel.

A further allegation is that the defendant gave such advice and counsel to plaintiff primarily to further his own interests.

I am of the opinion with respect to these latter two allegations that they do not give rise to a cause of action founded in negligence. The point of concern is whether a maintainable cause of action in negligence is set forth.

The motion is in the nature of a demurrer and in consequence admits the truth of all material and relevant facts properly pleaded but not conclusions of law of the pleader; it does not admit facts which the court will take judicial notice are untrue (*Baxter* v. *McDonnell,* 18 App. Div. 235); likewise a demurrer does not admit a construction of a statute by the pleader or the state of the law (*Hanna* v. *Lichtenhein,* 225 N. Y. 579; *Pelo* v. *Stevens,* 66 Misc. 35, 38); that is matter of which the court will take judicial notice. The defendant argues, therefore, and I think, correctly too, that no question of fact is involved but that the matter is one of pure law and that it would be improper to submit to a jury of lay persons the question whether the advice was correct, or, if incorrect, whether in view of the state of the law on the subject the defendant was guilty of negligence

(*Hanna* case, *supra,* p. 583; *Bank of China, Japan & The Straits, Ltd.,* v. *Morse,* 168 N. Y. 458, 470).

No attorney is bound to know all the law and he is, therefore, held not to be an insurer or a guarantor with respect to his judgment or advice and is not liable for every mistake that may occur in practice. " But as the law is not an exact science, there is no attainable degree of skill or excellence at which all differences of opinion or doubts in respect to questions of law are removed from the minds of lawyers and judges. Absolute certainty is not always possible." (*Citizens Loan Fund & Sav. Assn.* v. *Friedley,* 123 Ind. 143, 145-146.) Thus the rule generally accepted is that if the law on the subject is well and clearly defined, has existed and been published long enough to justify the belief that it was known to the profession, " then a disregard of such rule by an attorney-at-law renders him accountable for the losses caused by such negligence or want of skill; negligence, if knowing the rule, he disregarded it; want of skill, if he was ignorant of the rule." ( *Goodman & Mitchell* v. *Walker,* 30 Ala. 482, 496.)

On the question of the validity of the *in terrorem* clause I am frank to say that the profusion of cases and diversified expressions on the subject indicate that the point is not wholly free of doubt or from debate. The following expression by Surrogate Wingate, in his opinion in *Matter of Brush* (154 Misc. 480) is an apt illustration: " Whereas the indulgence of superlatives in judicial utterance is usually hazardous and frequently productive of untoward results, it may be said with safety that there are few subjects of testamentary interpretation, the principles concerning which are in a more nebulous and unsatisfactory state than in that which is here in question. This condition is particularly true in New York, since whereas the question has frequently arisen before the courts, the resulting determinations are in hopeless conflict and the Court of Appeals has never directly spoken the final word in settlement."

In determining this motion this court is not required to pass upon the validity of the mentioned clause or to express any opinion thereon; the basic feature respecting this first cause of action is, as I view it, whether the state of the law was so well and clearly defined, so firmly imbedded in our legal jurisprudence as to be beyond any point of question so that the advice given was indisputably erroneous on a matter of law, tantamount to ignorance and gross negligence. If not, then the defendant may not be held liable even though his opinion was not in agreement with the court. I am of the opinion such is the situation here and that, therefore, the first cause of action is not a maintainable one in negligence and it is dismissed.

With the dismissal of the first cause of action the second cause of action to recover the fee paid to the defendant because of said purported negligence necessarily falls with it.

Motion granted in all respects. Settle order.